## John Schiller, Appellee, v. Oliver H. Madden, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Jasper county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed November 14, 1914.

### Statement of the Case.

Action by John Schiller against Oliver H. Madden for criminal conversation. The declaration consisted of two counts. The first count alleged that defendant, contriving and wickedly intending to injure plaintiff and to deprive him of the society and assistance of Lucinda Schiller, the wife of plaintiff, on to wit, June 1, 1913, and on divers other days between that day and the commencement of this suit in said Jasper county, wrongfully and wickedly debauched and carnally knew the said Lucinda Schiller, then and there being the wife of plaintiff, and thereby the affection of the said Lucinda Schiller for plaintiff was then and there alienated and destroyed, and also by means of the premises the plaintiff has from thence hitherto wholly lost and been deprived of the society and assistance of the said Lucinda Schiller, the said wife, in his domestic affairs, which said plaintiff ought during that time to have had, and otherwise might and would have had. The second count in the same form alleges seduction. Damages were alleged in the sum of ten thousand dollars. The defendant filed the plea of not guilty. Upon the trial there was a verdict and judgment in favor of plaintiff for one thousand dollars. To reverse the judgment, defendant appeals.

ALBERT E. ISLEY, for appellant.

FITHIAN & KASSERMAN, for appellee.

MR. JUSTICE HARRIS delivered the opinion of the court.

## Abstract of the Decision.

1. HUSBAND AND WIFE, § 283*—*when proof of criminal conversation with wife not limited by allegations as to time.* In a suit for criminal conversation with plaintiff's wife, where the declaration averred that defendant on, to wit, June 1, 1913, "and on divers other days between that date and the commencement of the suit," had intercourse with plaintiff's wife, etc., *held* it was not error to permit proof of intercourse upon dates prior to June 1, 1913, and within the statute of limitations.

2. PLEADING, § 11*—*effect of allegation under videlicet.* An averment under a *videlicet* does not make the subject-matter material, nor does an averment not under *videlicet* make material that which would otherwise be immaterial.

3. PLEADING, § 11*—*averments as to time.* The fact that an averment is made by *continuando* as to date does not change the materiality or immateriality of dates.

4. HUSBAND AND WIFE, § 285*—*sufficiency of evidence.* In an action for criminal conversation with plaintiff's wife, evidence *held* sufficient to prove a charge of seduction by defendant without any connivance on the part of plaintiff.

5. HUSBAND AND WIFE, § 290*—*when erroneous admission of evidence harmless.* In a suit for criminal conversation with plaintiff's wife, the admission of declarations and promises of the wife made to plaintiff that her conduct in the future would be proper, *held* improper but not reversible error, where there was direct evidence to prove the charge of seduction and no claim that the damages were excessive.

6. HUSBAND AND WIFE, § 289*—*admissibility of evidence.* In a suit for criminal conversation with plaintiff's wife, evidence offered on behalf of defendant of adulterous conduct of plaintiff is competent, not as a bar to the action but in mitigation of damages.

7. HUSBAND AND WIFE, § 285*—*when exclusion of answers to questions not error.* In a suit for criminal conversation with plaintiff's wife, where a witness was asked whether she knew of any attempts by plaintiff to have illicit relations with her or her mother, *held* that the refusal of the court to permit her to answer the questions was not error for the reason that the questions called for an answer as to what she knew about it, instead of whether or not plaintiff had attempted to have illicit relations.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.